(115 So. 385)
## CHANDLER v. STATE. (7 Div. 448.)

Court of Appeals of Alabama. Feb. 7, 1928.

Hugh Reed, of Center, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. This is what is known as a "bastardy proceeding." Appellant was accused, tried, and found guilty of being the father of an illegitimate child of one Myrtle Goss, an unmarried woman.

We do not consider, as being not of importance, questions raised for the first time on appeal as to the sufficiency of the affidavit before the justice of the peace, where the prosecution was begun.

The sole material litigated issue in the case was whether or not appellant was the father of the child in question. In the main, the trial was correctly conducted.

Upon the examination of one Dr. White, a witness called by the state in rebuttal of defendant's testimony, the witness was allowed to describe, over appellant's timely objection, a peculiarity or deformity appearing on the person of one Pink Chandler, the grandfather of appellant. The same witness was allowed, also over appellant's timely objection, to state that, while he knew of no medical authorities that taught that such deformities were transmissible by heredity, yet he knew of none that taught that they were not.

A tendency of the evidence was that the child in this case bore a similar mark. In the admission of this testimony of Dr. White, there was error that we think should cause the judgment to be reversed and the cause remanded. Clearly the last-mentioned testimony tended to prove nothing, and was altogether incompetent or irrelevant, and its admission was, in our opinion, clearly prejudicial.

Other questions, since they will not likely arise on another trial, will not be considered.

Reversed and remanded.

(115 So. 385)
## CLONTZ v. STATE. (7 Div. 462.)

Court of Appeals of Alabama. Feb. 7, 1928.

Duke Logan, of Anniston, for appellant.
Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

SAMFORD, J. We have read this entire record, and, while there are two technical errors in the rulings of the court, in that the state was permitted to prove that the name of defendant had been included in a list of probable violators of the prohibition law handed witness by the sheriff of the county, and whom witness, as a law enforcement officer, was instructed to investigate, such errors are not sufficient to constitute reversible error. After a careful consideration of the whole record, we are convinced that the defendant had a fair trial. Let the judgment be affirmed.

Affirmed.